1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

JAMES CHAVEZ,

                    Petitioner,

        v.

WARDEN,

                    Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. CV 12-393 SJO (FFM)

ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION

16      On or about January 17, 2012, petitioner constructively filed a Petition for

17  Writ of Habeas Corpus by a Person in State Custody (the "Current Petition")

18  herein.  The Court notes that petitioner previously constructively filed a Petition

19  for Writ of Habeas Corpus by a Person in State Custody in this Court on or about

20  September 20, 2007 (the "Prior Petition").  (*See Chavez v. Warden*, Docket No.

21  CV 07-6977 SJO (FFM).)  The Prior Petition challenged the same 1993 sentence

22  and conviction challenged in claim one of the Current Petition.[1]  The Prior

23  Petition was dismissed with prejudice on October 4, 2008.  The Court also notes

24  that petitioner previously constructively filed a Petition for Writ of Habeas Corpus

25

26

27

28

[1] The Court notes that petitioner recently filed another petition challenging the same 1993 conviction and sentence that was unsuccessfully challenged in Case No. 07-6977.  That petition was dismissed as a second or successive petition on May 31, 2011.  Petitioner's subsequent application to file a second or successive petition was denied on September 13, 2011 by the Ninth Circuit Court of Appeals.

1  by a Person in State Custody in this Court on or about July 16, 2011 (the "Second

2  Petition").  (*See Chavez v. Warden*, Docket No. CV 11-6294 SJO (FFM).)  The

3  Second Petition challenged the same disciplinary proceedings challenged in

4  claims two and three in the Current Petition.  The Second Petition was dismissed

5  with prejudice on December 14, 2011.

6      The Current Petition is governed by the provisions of the Antiterrorism and

7  Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act")

8  which became effective April 24, 1996.  Section 106 of the Act amended 28

9  U.S.C. § 2244(b) to read, in pertinent part, as follows:

10     "(1) A claim presented in a second or successive habeas corpus

11      application under section 2254 that was presented in a prior

12      application shall be dismissed.

13     (2) A claim presented in a second or successive habeas corpus

14      application under section 2254 that was not presented in a prior

15      application shall be dismissed unless--

16          (A) the applicant shows that the claim relies on a

17           new rule of constitutional law, made retroactive to cases

18           on collateral review by the Supreme Court, that was

19           previously unavailable; or

20          (B)(i) the factual predicate for the claim could not

21           have been discovered previously through the exercise of

22           due diligence; and

23              (ii) the facts underlying the claim, if proven and

24           viewed in light of the evidence as a whole, would be

25           sufficient to establish by clear and convincing evidence

26           that, but for constitutional error, no reasonable factfinder

27           would have found the applicant guilty of the underlying

28           offense.

1    (3)(A) Before a second or successive application permitted by this

2    section is filed in the district court, the applicant shall move in the

3    appropriate court of appeals for an order authorizing the district court

4    to consider the application."

5    The Current Petition constitutes a second and/or successive petition

6    challenging the same conviction and sentence as petitioner's prior habeas petition

7    in Case No. CV 07-6977 and challenging the same disciplinary proceedings as

8    petitioner's prior habeas petition in Case No. CV 11-6294, within the meaning of

9    28 U.S.C. § 2244(b).  To the extent petitioner seeks to pursue the same claims

10   asserted in the Prior Petition and in the Second Petition, the Current Petition is

11   barred by the provisions of 28 U.S.C. § 2244(b)(1).  To the extent petitioner seeks

12   to pursue claims not contained in the Prior Petition and/or the Second Petition, it

13   was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth

14   Circuit authorizing the District Court to consider the Current Petition, prior to his

15   filing of it in this Court.  Petitioner's failure to secure such an order from the

16   Ninth Circuit deprives the Court of subject matter jurisdiction.

17   For the foregoing reasons, IT IS ORDERED that this action be summarily

18   dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

19   United States District Courts.

20   LET JUDGMENT BE ENTERED ACCORDINGLY.

21   1/22/12

22   DATED:_____

23                                                   _____
                                                            S. JAMES OTERO
24                                                       United States District Judge

25   Presented by:

26   /S/ FREDERICK F. MUMM
27    FREDERICK F. MUMM
     United States Magistrate Judge
28

3